UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES E. CAMPANELLA, II,
et al.,

                              Plaintiffs,

                                                                      DECISION AND ORDER

                                                                               10-CV-6236L

                    v.

PATRICK M. O'FLYNN,
Monroe County Sheriff, et al.,

                              Defendants.
_____

      Plaintiffs, Charles and Deborah Campanella, have filed an *ex parte* motion for a temporary restraining order, for a protective order, and to seal the motion and its supporting papers, pursuant to Rules 65(b) and 26 of the Federal Rules of Civil Procedure, and Local Rule 5.3, respectively. For the reasons the follow, the motion is denied.

**DISCUSSION**

**I. Facts**

      Most of the factual background of this case is set forth in some detail in a February 17, 2012 decision of this Court, ___ F.Supp.2d ___, 2012 WL 537495, at *1-*3, familiarity with which is assumed.[1] In short, plaintiffs allege that Charles Campanella ("Campanella") is a deputy sheriff in the Monroe County Sheriff's Office ("MCSO"), and that defendants, all of whom are officials or

---

[1] That decision granted in part and denied in part defendants' motion for judgment on the pleadings, and dismissed some of plaintiffs' causes of action.

employees of the MCSO, have taken adverse actions against Campanella in connection with his job. Plaintiffs allege that defendants have done so in retaliation for his wife Deborah's employment with a company owned by a political rival of defendant Patrick O'Flynn, the Monroe County Sheriff.

In support of their present motion, plaintiffs allege that Campanella is currently the subject of an Internal Affairs investigation by the MCSO, concerning Campanella's use of an audio body wire to record a conversation between him and O'Flynn on October 28, 2008, as well as conversations with others within the MCSO on at least two other occasions. Campanella states that he used the body wire in the course of his cooperation with federal investigators looking into allegations of the misuse of public funds by certain persons within the MCSO. Plaintiffs allege that since the existence of the resulting audio recordings became known to others within the MCSO, Campanella has been administratively charged with "unauthorized taping" and "untruthfulness," and that he is scheduled to appear at the MCSO Office of Internal Affairs for a hearing in connection with those charges on June 15, 2012.

Campanella also states that, largely because of the stress and problems associated with this lawsuit and the underlying events, he tendered his resignation from the MCSO on June 8, 2012. The effective date of his resignation is next week, on June 23, 2012.

**II. Motion to Seal**

Plaintiffs' stated reason for seeking to seal their motion papers is that the motion relates to the ongoing federal investigation of allegations concerning the misuse of taxpayer money by the MCSO. *See* Jeffrey Wicks Decl. ¶¶ 4, 5; Charles Campanella Decl. ¶¶ 4, 5. That investigation was referenced in this Court's February 17 Decision and Order, *see* 2012 WL 537495, at *12-*13, and I see nothing in plaintiffs' submissions that warrant filing their motion under seal. That aspect of plaintiffs' motion is therefore denied.

### III. Injunctive Relief

To prevail on a motion for a preliminary injunction, the movant must demonstrate "'(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). *Accord UBS Financial Services, Inc. v. West Virginia Univ. Hospitals, Inc.*, 660 F.3d 643, 647–48 (2d Cir. 2011). The court must also take into account the public's interest, if any, in the issuance or denial of an injunction. *Red Earth LLC v. United States*, 657 F.3d 138, 142–43 (2d Cir. 2011) (citing *Metropolitan Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 1569 (2011)).

Applying these standards here, I do not believe that plaintiffs have made a sufficient showing of irreparable harm to justify the granting of injunctive relief. Plaintiffs contend that absent an injunction, defendants could "permanently sabotage [Campanella's] stellar record of service[, which] would have long-ranging repercussions for which monetary damages alone would not suffice." Plaintiffs' Mem. of Law at 6. I fail to see how that is so. Campanella has tendered his resignation, effective June 23, 2012, and whatever negative consequences his career might suffer as a result of defendants' investigation would, as far as the record reveals, be remediable by money damages, or through later injunctive relief such as expungement of the charges against Campanella from his employment record. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (movant seeking preliminary injunctive relief must demonstrate, *inter alia*, that remedies available at law, such as monetary damages, are inadequate to compensate for his injury).

Plaintiffs also allege that as a result of the problems between Campanella and the defendants, he has been ostracized by his fellow deputies, who consider him a "snitch" and a "rat," and that on some occasions, other deputies have failed to respond to his calls for back up when he has responded

to police calls. Campanella Decl. ¶ 18. Plaintiffs contend that this is due to other deputies' antipathy toward Campanella arising from this lawsuit and his cooperation with federal authorities investigating the MCSO, although they have provided scant factual support for that allegation.

If true, plaintiffs' allegation concerning other deputies' failure or refusal to render him assistance is certainly troubling, but I do not see how an injunction could remedy that problem, if it exists. If Campanella's fellow deputies view him with disdain, or are loath to associate with or assist him because of Campanella's conflicts with his supervisors, an injunction against the ongoing internal investigation is unlikely to solve that problem. No injunction can "unring the bell," and since by plaintiffs' own admission, his lawsuit and participation in the federal investigation are common knowledge within the MCSO, the requested injunction would serve no useful purpose in this regard.

As part of their request for injunctive relief, plaintiffs also seek an order quashing defendants' second set of interrogatories, dated April 26, 2012, and limiting the dissemination of discovery materials to the named plaintiffs and their attorneys. The interrogatories in question ask plaintiffs to identify the individuals who can be heard speaking on the audio recordings made by Campanella on various dates in 2008.

Plaintiffs have not shown that they face any harm, much less irreparable harm, by responding to those interrogatories. To the extent that the individuals heard on the recordings have any interest in the nondisclosure of their identities, plaintiffs lack standing to assert those persons' interests. In addition, according to plaintiffs, the identity of most if not all of those individuals is already known to defendants. *See* Wicks Decl. ¶ 14. Finally, any objections that plaintiffs have to defendants' discovery requests, including their requests concerning the dissemination of discovery materials, can best and most properly be addressed by way of objections or a motion filed before Magistrate Judge Jonathan W. Feldman, pursuant to this Court's prior referral order (Dkt. #5) and Rule 33 of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiffs' *ex parte* motion for a temporary restraining order, injunctive relief and a protective order dated June 13, 2012 is hereby denied. Plaintiff is directed to electronically file that motion and the supporting motion papers within twenty-four (24) hours of his attorney's receipt of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 14, 2012.