UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES E. CAMPANELLA, II,
DEBORAH S. CAMPANELLA,

                          Plaintiffs,

                                                                                              Case # 10-CV-6236-FPG

v.

                                                                                             DECISION AND ORDER

MONROE COUNTY SHERIFF PATRICK M. O'FLYNN,
MONROE COUNTY UNDERSHERIFF GARY CAIOLA,
CHIEF DEPUTY STEVEN SCOTT,
LIEUTENANT LOU TOMASSETTI, and other known
or unknown members of the Monroe County
Sheriff's Office, individually and in their
official capacities,

                          Defendants.
_____

**INTRODUCTION**

On April 29, 2010, Charles ("Deputy Campanella") and Deborah Campanella ("Ms. Campanella") (collectively "Plaintiffs") initiated this action against Monroe County, the Monroe County Sheriff's Office ("MCSO"), and MCSO employees Patrick M. O'Flynn ("Sheriff O'Flynn"), Gary Caiola ("Undersheriff Caiola"), Steven Scott ("Deputy Scott"), and Lucio Tomassetti ("Lieutenant Tomassetti") (collectively "Defendants").[1] ECF No. 1. Plaintiffs alleged that Defendants took adverse employment actions against Deputy Campanella in violation of Plaintiffs' constitutional rights. *Id.*

On July 19, 2016, Defendants moved for summary judgment. ECF No. 60. Under Local Rule 7(b)(2)(A), Plaintiffs had 28 days to file and serve responding papers. *See* L.R. CIV. PRO.

---

[1]     Plaintiffs originally named the County of Monroe and the Monroe County Sheriff's Office in this suit, but the Court dismissed the claims against those defendants. ECF No. 24.

1

7(b)(2)(A). That deadline passed without Plaintiffs filing responding papers or requesting an extension. On February 6, 2016, this Court issued a Decision and Order granting Defendants' Motion for Summary Judgment. ECF No. 61. Currently before the Court is Plaintiffs' motion to set aside that judgment. ECF No. 65. For the reasons stated below, Plaintiffs' Motion to Set Aside Judgment is granted.

## BACKGROUND

On April 29, 2010, Plaintiffs filed this action under 42 U.S.C. § 1983. ECF No. 1. Initially, Plaintiffs' Complaint alleged multiple First Amendment and Due Process violations as well as libel, slander, defamation, and negligent failure to train and supervise. *Id.* However, following Defendants' Motion for Judgment on the Pleadings, ECF No. 11, all but two of Plaintiffs' claims were dismissed. ECF No. 24. Plaintiffs' surviving claims alleged that, in violation of the First Amendment, Defendants took seven adverse employment actions against Deputy Campanella in retaliation for Deputy Campanella's statement about the investigation of a local construction firm and Ms. Campanella's affiliation with a man who ran as the Democratic candidate for Monroe County Sheriff in 2009. *Id.* On January 15, 2013, the case was reassigned to this Court. ECF No. 33.

On July 19, 2016, Defendants filed and served their Motion for Summary Judgment. ECF No. 60. Plaintiffs received service through the Court's electronic filing system. *See* ECF Nos. 60; 65-1 at ¶ 6. Following the filing of that motion, the Court did not issue a scheduling order. But pursuant to the Local Rules of Civil Procedure for the Western District of New York, "[i]f the Court does not set deadlines by order," the party opposing a motion "shall have twenty-eight (28) days after service of the motion to file and serve responding papers." *See* L.R. CIV. PRO. 7(b)(2)(A). Accordingly, Plaintiffs' responding papers were due by August 16, 2016. *Id.*

That deadline passed without responding papers from the Plaintiffs, and on February 6, 2017, the Court issued its Decision and Order granting Defendants' Motion for Summary Judgment. ECF No. 61.

Immediately after the Court's decision was docketed, Plaintiffs' attorney wrote a letter to the Court requesting that the decision be withdrawn. ECF No. 63. Plaintiffs' attorney noted that the Court had not issued a scheduling order and claimed that he was unaware that the deadline for filing responding papers had passed. *Id.* Citing Local Rule 7(b)(2)(A), the Court denied Plaintiffs' request to withdraw its decision. ECF No. 64.

On March 3, 2017, Plaintiffs moved under Federal Rule of Civil Procedure 60(b) to set aside the Court's Decision and Order. ECF No. 65. In his supporting affidavit, Plaintiffs' attorney suggested that in both "the practice of this Court and the history of this case," filing deadlines have been set by scheduling orders. ECF No. 65-1 at ¶ 6. He noted that he was "puzzled by the absence of a scheduling order" in this instance. ECF No. 65-1 at ¶ 6. Indeed, he was so puzzled that, after about two months had passed, he contacted Defendants' attorney and asked "whether or not the possibility existed that such a scheduling order had escaped [his] attention." *Id.* Plaintiffs' attorney explained that he "made the deliberate decision to wait until the issuance of a scheduling order . . . before filing any responsive papers," *id.* at ¶ 8, because "over the course of [his] thirty-three (33) years of practicing law," scheduling orders always followed motions and, in this case, scheduling orders followed each of the four contested motions that preceded the Motion for Summary Judgment. *Id.* at ¶ 7. On that basis, Plaintiffs ask the Court to set aside its decision under Federal Rule of Civil Procedure 60(b). ECF No. 65-1 at ¶ 1.

**DISCUSSION**

Rule 60(b) identifies grounds on which a court, in its discretion, may relieve a party from a final judgment, order, or proceeding. FED. R. CIV. P. 60(b). Properly applied, "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Thus, while final judgments should not be reopened lightly, Rule 60(b) "should be broadly construed to do substantial justice." *Id.* (internal quotation marks omitted).

One ground on which a court may relieve a party of a final judgment, order, or proceeding is "excusable neglect." FED. R. CIV. P. 60(b)(1). "Excusable neglect" is a "somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).[2] It is not strictly limited to "omissions caused by circumstances beyond the control of the movant." *Id.* (internal quotation marks omitted). That is because "neglect" encompasses "inadvertence, carelessness, and mistake." *Id.* at 388. That being said, to be entitled to relief under Rule 60(b)(1), the movant's neglect must also be "excusable." *See id.* at 395; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("In light of its interpretation of 'neglect' as 'negligence,' . . . the 'excusable' portion of 'excusable neglect' must provide the limitations necessary to prevent abuse by the parties.") (citing *Pioneer*, 507 U.S. at 395).

Determining whether a negligent omission is "excusable" is an equitable, context-specific inquiry. 507 U.S. at 395 ("We conclude that the determination [of whether a negligent omission

---

[2] In *Pioneer*, the Supreme Court interpreted the term "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1). *See* 507 U.S. at 393-94. However, "the Court analyzed that term as it is used in a variety of federal rules, including Rule 60(b)(1)." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (applying *Pioneer* to an "excusable neglect" analysis in the context of Rule 60(b)(1)).

4

is excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."). Factors to be considered include (1) "the danger of prejudice" to the non-movant, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "whether the movant acted in good faith," and (4) the reason for the omission, "including whether it was within the reasonable control of the movant." *Id.*

Because the first three of those factors usually favor the movant,[3] the Second Circuit has focused on the last—the reason for the omission. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("[D]espite . . . the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on . . . the reason for the delay, including whether it was within the reasonable control of the movant.") (internal quotation marks omitted); *see also Williams v. KFC Nat. Management Co.*, 391 F.3d 411, 418 (2d Cir. 2004) (noting that the "reason for the delay" is "the most important" factor of the *Pioneer* test). Where the reason for an omission is the failure to follow "the clear dictates of a court rule," the fourth factor will rarely favor the movant. *Silivanch*, 333 F.3d at 366-37. Indeed, "where the rule is entirely clear, . . . the party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.*

---

[3] This case is no different. First, the prejudice to Defendants is minimal. Defendants argue that resolving this motion in favor of Plaintiffs will prejudice them because the Court's Decision and Order provides Plaintiffs with "a blueprint into the Court's reasoning and legal analysis." ECF No. 66 at 2. Even assuming that the Decision and Order on the unopposed Motion for Summary Judgment will provide some insight into the Court's analysis of an opposed motion, Defendants will have the opportunity to use that same "blueprint" in replying to Plaintiffs' response to the Motion for Summary Judgment. The only prejudice to Defendants is the loss of an unopposed Motion for Summary Judgment, and courts have found such prejudice to be insufficient to justify denying relief under Rule 60(b)(1). *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988) (rejecting a claim of prejudice because there was "no disadvantage to [the non-moving party] beyond that suffered by any party which loses a quick victory"); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding the loss of a "quick victory" and the need to reschedule a trial date amounted to only "minimal prejudice," insufficient to justify the denial of relief). Second, this motion has caused very little delay. Plaintiffs filed their Motion to Set Aside Judgment less than a month after this Court issued its Decision and Order. *Compare* ECF No. 61 *with* ECF No. 65. In the context of this 7-year-old case, that delay is negligible in relative—if not actual—terms. Third, the Court has every reason to believe that Plaintiffs and their attorney have acted in good faith.

Here, the reason for the omission was Plaintiffs' attorney's experience and expectations regarding scheduling orders. Plaintiffs' attorney "made a deliberate decision to wait until the issuance of a scheduling order" before responding to Defendants' Motion for Summary Judgment. ECF No. 65-1 at ¶ 8. Plaintiffs' attorney made that decision because, in his experience litigating in this district and in this case, filing deadlines have been pronounced by scheduling orders. ECF No. 65-1 at ¶ 7. In doing so, Plaintiffs' attorney overlooked the local rule mandating that "[i]f the Court does not set deadlines by order," the party opposing a motion "shall have twenty-eight (28) days after service of the motion to file and serve responding papers." *See* L.R. CIV. PRO. 7(b)(2)(A).

In this district, scheduling orders are issued as a courtesy to litigants in some, but not all, cases. *See* L.R. CIV. PRO. 7(b)(1) ("After a motion is filed, the Court may issue an order setting deadlines for filing and service of opposing papers, and for filing and service of reply papers if the moving party has stated an intent to reply."). Courts in this district rely on Local Rule 7(b)(2) to set motion practice deadlines when scheduling orders are not issued. *See, e.g.*, *Carmichael v. Astrue*, 12-CV-6547, 2013 WL 956779, at *1 (W.D.N.Y. Mar. 12, 2013); *see also Viehdeffer v. Tryon*, 12-CV-23, 2012 WL 3746372, at *10 (W.D.N.Y. Aug. 28, 2012). Indeed, this Court's individual rules direct counsel to the local rules for briefing schedules. *See* Hon. Frank P. Geraci, Chambers Procedures, United States District Court for the Western District of New York (http://www.nywd.uscourts.gov/hon-frank-p-geraci) ("Counsel should refer to Local Rules of Civil Procedures regarding briefing schedules (see Rule 7(b)(2)).").

That said, the history of this case includes a pattern of scheduling orders. Over the past seven years, three judges have presided over this dispute. *See* ECF Nos. 2, 5, 33. The case was originally assigned to Judge Larimer. *See* ECF No. 2. Then, after Defendants filed their

Answer, Judge Larimer referred the case to Judge Feldman for pretrial matters. ECF No. 5. Finally, on January 15, 2013, the case was reassigned to this Court. ECF No. 33. But before the case was reassigned to this Court, the parties filed four contested motions, ECF Nos. 11, 17, 43, 46, and scheduling orders followed the filing of each of those motions. *See* ECF Nos. 12, 20, 44, 47. In fact, Judge Larimer and Judge Feldman issued a total of 18 scheduling orders in this case. *See* ECF Nos. 2, 9, 12, 13, 14, 25, 32, 34, 35, 42, 44, 47, 49, 54, 56, 57, 58, 59. Given that pattern of scheduling orders, the Court understands how Plaintiffs' attorney may have assumed a scheduling order would be issued in this instance.

To be clear, this decision is not intended to endorse Plaintiffs' attorney's decision to wait for the Court to issue a scheduling order. Plaintiff's attorney should have referred to this Court's individual rules and to the local rules for briefing schedules. Additionally, instead of contacting opposing counsel, Plaintiff's attorney should have contacted the Court to clear his confusion. Simply put, Plaintiffs' attorney's decision was irresponsible. But relief under Rule 60(b) may be available even to litigants and attorneys who have made irresponsible decisions. Moreover, the Court is mindful of the preference of the federal courts to decide cases on their merits and is reluctant to deny Plaintiffs an opportunity to be heard because of the failure of their counsel. Because any prejudice to Defendants is minimal, Plaintiffs have not caused a significant delay, Plaintiffs acted in good faith, and the reason for the omission was the numerous scheduling orders issued throughout the course of this case, the Court finds Plaintiffs' attorney's negligence in failing to respond to the Motion for Summary Judgment excusable. Therefore, Plaintiffs' Motion to Set Aside Judgment is granted.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Set Aside Judgment (ECF No. 65) is GRANTED. The Clerk of Court is directed to re-open the case. Plaintiffs will have until May 26, 2017 to file responding papers. Defendants may file any reply within 15 days after receiving Plaintiffs' response.

    IT IS SO ORDERED.

Dated: April 28, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court